Mr. Don A. Zimmerman Executive Director Arkansas Municipal League P. O. Box 38 North Little Rock, AR 72115
Dear Mr. Zimmerman:
This is in response to your inquiry regarding Act 442 of 1987 which is entitled "An Act to Require Mandatory Motor Vehicle Liability Insurance; and For Other Purposes." You have asked for clarification of the municipalities' responsibility for enforcement of the Act.
Section 1 of Act 442 provides in pertinent part as follows:
 It shall be unlawful for any person to operate a motor vehicle within this State unless such person is covered by a certificate of self-insurance . . .
Section 2 states:
 Any person who operates a motor vehicle within this State in violation of this Act shall be fined no less than two hundred and fifty ($250.00) nor more than one thousand dollars ($1,000.00), and such minimum fine shall be mandatory.
Section 3 requires satisfactory proof that the requirements of the Act have been met as a condition to issuance or renewal of a motor vehicle license plate by the Department of Finance and Administration. Section 5 states that the provisions of the Act are "supplemental to, and cumulative to, Act 347 of 1953, the Motor Vehicle Safety Responsibility Act."
While the General Assembly has not clearly designated violation of this Act as an "offense" within the Criminal Code, the language of Section 1 and Section 2 arguably supports this conclusion. The term "offense" is defined under Ark. Stat. Ann. 41-111 (Repl. 1977) as "conduct for which a sentence to a term of imprisonment or fine or both is authorized by statute." An offense is a "violation" if the statute defining the offense provides that no sentence other than a fine is authorized. See Ark. Stat. Ann. 41-114(2) (Repl. 1977).
Ark. Stat. Ann. 75-1053 (Repl. 1979) should also be noted in this regard. This provision states as follows:
 Any moving traffic law violation not enumerated in Sections 2, 3 and 4 of this Act (75-1054 — 75-1056), shall henceforth be known as a violation as defined in the Arkansas Criminal Code, Sections 41-111 and 41-114 and punishable as provided under Section 41-1103(3)(a).
It seems reasonable to conclude that violation of Act 442 of 1987 constitutes a "moving traffic law violation." Ark. Stat. Ann. 75-1039 (Cum. Supp. 1985) indicates, moreover, that conviction of a moving traffic violation consists of a "conviction arising out of operation of a motor vehicle in violation of municipal ordinances and/or laws of this State." It therefore follows, under 75-1053, that violation of Act 442 constitutes a "violation" as defined in the Arkansas Criminal Code since it is not otherwise enumerated in 75-1054 to 75-1056.
It may be concluded, based upon the foregoing, that municipalities' general authority to enforce the laws of the State, including those pertaining to the unlawful operation of motor vehicles, extends to the provisions of Act 442 of 1987. See Ark. Stat. Ann. 19-1705, (Repl. 1980); Meyers v. State, 253 Ark. 38,484 S.W.2d 334 (1972).
It should be noted in conclusion, however, that failure to maintain proof of liability insurance within the motor vehicle does not constitute a violation of Act 442. The municipalities' authority and responsibility would therefore not appear to extend to imposing such a requirement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.